Mr. Justice Thachek.
delivered the opinion of the court.
This action of assumpsit was instituted in the circuit court of Adams county, against the defendants, as makers of a promissory note. At the return term of the writ, one only of the defendants was served with process, and he pleaded non assump-sit. An alias writ was then issued against the defendant remaining uhserved, who, at the succeeding term pleaded in abatement to the writ, that its indorsement did not contain “ the amount of the sum actually demanded ” by the action. To this plea a demurrer was filed, which, having been overruled by the court, the entire suit was adjudged to be abated.
Although the indorsement of the writ, in this case, states the amount for which the note was given, it does not therefore follow that such was the amount actually demanded by the suit It might have been made less by payments, The statute H. & E. *267 577, sec. 5, peremptorily requires, in the indorsement of the writ, an explicit statement of the amount demanded by the suit, and its absence can be taken advantage of, by plea in abatement or special demurrer, as has been held by this court. We are compelled to hold plaintiff, to the strict and literal rule established by the statute. The judgment of the court below upon the demurrer to the plea in abatement, was correct, so far as the party in court by the alias writ was concerned, although it was, and still is, in its discretion to permit the plaintiff to amend his writ. But it was clearly erroneous to order the suit to be also abated, as to the other defendant, who had tendered an issue upon the facts of the case.
• The judgment of the court below, being joint, is therefore reversed, and the cause remanded for further proceedings, with directions that the demurrer to the plea in abatement be overruled, and the suit abated as to the defendant Ferguson.